T.C. Summary Opinion 2006-197

UNITED STATES TAX COURT

PAUL EDWIN FARROW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23763-05S.                    Filed December 28, 2006.

Paul Edwin Farrow, pro se.

<u>Pamela M. Mable</u>, for respondent.

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $1,116 for taxable year 2002. The issues we must decide are whether certain payments petitioner made to his former spouse are deductible alimony payments or nondeductible child support payments and whether petitioner is entitled to the section 32 earned income credit.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time of filing the petition in the instant case, petitioner resided in Ellenwood, Georgia. During 1997, petitioner initiated divorce proceedings against his former spouse in the Superior Court of Solano County, California (Superior Court). Petitioner and his former spouse have two children, both of whom lived with petitioner for two and a half months during 2002.[1]

By order dated March 9, 1999 (March 1999 order), the Superior Court ordered the garnishment of petitioner's wages in order to pay petitioner's former spouse $977 per month for child

---

[1]The younger child was under 18 years of age throughout 2002. The older child turned 19 during September 2002 but did not graduate from high school until 2003. Petitioner does not dispute his obligation to support his children during 2002 and, as noted below, claimed the sec. 32 earned income credit based on both children.

support, $471 per month for spousal support, and an additional $25 per month for child care expenses. The March 1999 order contained instructions (the instructions) to the payor limiting the amount that could be garnished to 50 percent of petitioner's "disposable earnings".[2] The instructions stated that "If 50 percent of the Obligor's net disposable earnings will not pay in full all of the assignments for support, prorate it first among all the support assignments in the same proportion that each assignment bears to the total current support owed." However, the instructions further stated that "When this Order is for child support or family support, it has top priority over a similar order for spousal support." The March 1999 order was in effect and had not been modified by or during 2002.

On the basis of the March 1999 order, approximately $441 was withheld from petitioner's military retirement account[3] and paid directly to his former spouse. Petitioner made no other payments to his former spouse during 2002. On his 2002 tax return, petitioner deducted as alimony $5,301 paid to his former spouse and claimed the section 32 earned income credit.

---

[2]According to the instructions, disposable earnings means earnings remaining after subtracting items required to be withheld by Federal and State law, for example: Federal income tax, Social Security tax, and State income tax.

[3]Petitioner retired from the U.S. Air Force in 2000. The actual amount garnished varied slightly from month to month based on cost of living increases.

## Discussion

The Commissioner's determinations in the notice of deficiency generally are presumed correct, and the burden of proving an error is on the taxpayer.[4]  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In general, a payor spouse may deduct alimony payments but may not deduct child support payments.  See secs. 71(b) and (c), 215(a) and (b).  Section 71(c)(3) provides a special rule where the amount of the child support payment is less than the amount specified in the order:  "if any payment is less than the amount specified in the instrument, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support."  See also Hazam v. Commissioner, T.C. Memo. 2000-71.

In the instant case, the March 1999 order required petitioner to pay his former spouse each month $977 for child support, $471 for spousal support, and $25 for child care expenses.  The instructions limited the amount that could actually be garnished from petitioner's military retirement account to approximately $441.  However, the instructions also stated that payments for child support are given priority over payments for spousal support where the garnishment is

---

[4]Sec. 7491(a) does not apply in the instant case to shift the burden of proof to respondent because petitioner did not raise the issue and also did not comply with the substantiation and record keeping requirements of sec. 7491(a)(2).

insufficient to cover all of the assignments for support.  We conclude that the payments from petitioner to his former spouse during 2002 were for child support and not for alimony. Accordingly, we hold that petitioner is not entitled to the claimed $5,301 deduction for taxable year 2002.

As to the section 32 earned income credit claimed by petitioner, that section requires the children to have the same principal place of abode as the taxpayer for more than one half of the taxable year.  See secs. 32(c)(3), 152(c).  Petitioner testified at trial that his children lived with him for only two and a half months during 2002.  Consequently, we hold that petitioner is not entitled to the section 32 earned income credit for taxable year 2002.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>